_[gFOGG, J.
By this tort action, Gene Tyrney seeks to recover damages from the City of Madi-sonville for injuries he received while attempting to rescue a woman from the Tchefuncte River. For the following reasons, we affirm the trial court’s dismissal of the lawsuit.
On July 13, 1995, Gene Tyrney was employed as a bartender at the T. Rivers Bar on the Tchefuncte River in Madisonville, Louisiana, and his girlfriend was a patron of the bar. At approximately midnight, Tyrney’s girlfriend left the bar. A few minutes later, a man entered the bar and informed Tyrney and others in the bar that Tyrney’s girlfriend had driven her car into the Tchefuncte River at the Madison-ville Boat Launch.
Upon arriving at the boat launch, Tyr-ney saw the headlights of a car that was totally submerged. He dove into the water and searched the inside of the car, but failed to locate his girlfriend. Upon diving into the water a second time, Tyrney’s abdomen was punctured by a piece of reenforcing bar (rebar) attached to an H-beam which was resting on the bottom of the river.
On May 2, 1996, Tyrney filed a personal injury action, naming as defendants the City of Madisonville and Corona Construction, Inc., the company that built the boat launch. Corona Construction was later dismissed from the lawsuit on motion of the plaintiff. After trial on the merits, the trial court rendered judgment in favor of the City of Madisonville and against the plaintiff, dismissing the plaintiffs suit.
In his written reasons for judgment, the trial court found that the defendant was not liable under LSA-C.C. art. 2317 because the plaintiff failed to prove the defendant knew or should have known of the risk as required by LSA-R.S. 9:2800. Additionally, the trial court found that the *686 contractors hired |3by Madisonville were “clearly independent contractors and Mad-isonville is not vicariously liable for their acts.” On appeal, the plaintiff contends solely that the trial court erred in failing to find the defendant liable under LSA-C.C. art. 2317 and LSA-R.S. 9:2800.
Initially, we note that, since the trial court rendered judgment in this case, the Louisiana Supreme Court has rendered the case of Jacobs v. City of Bunkie, 98-2510 (La.5/18/99), 737 So.2d 14, in which the court addressed the limitation of liability set forth in LSA-R.S. 9:2800. In that case, the court held that LSA-R.S. 9:2800, before it was amended and reenacted in 1995, conflicted with Article XII, Section 10(A) of the Louisiana Constitution; therefore, the statute was unconstitutional. The supreme court also held that the 1995 constitutional amendment to Article XXI, Section 10(C), which gave the legislature the power to limit by law the circumstances in which the state will be hable, was not curative or remedial, and therefore, could not be applied retroactively. Therefore, LSA-R.S. 9:2800 does not apply to the instant case and the plaintiffs specific allegations concerning the trial court’s application of that statute are moot. In light of this action by the supreme court, our analysis will address simply the issue of the defendant’s liability under LSA-C.C. art. 2317.
In order to recover under LSA-C.C. art. 2317, the plaintiff must prove that the thing which caused the damage was in the care or custody of defendant, that the thing had a defect or vice which created an unreasonable risk of harm, and that the damage was caused by the defect or vice. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990); Loescher v. Parr, 324 So.2d 441 (La.1975). Defenses that are available to the owner or custodian of a defective thing which causes injury are victim fault, fault of a third party, or irresistible force. Jones v. Gillen, 564 So.2d 1274 (La.App. 5 Cir.), writs denied, 568 So.2d 1080, 1081 (La.1990).
In the instant case, it is uncontested that the City of Madisonville owned the boat launch. The Mayor of the City of Madisonville, Peter L. Gitz, testified that engineers working for the city contacted a number of governmental agencies to obtain a permit for the city to build the boat launch. After obtaining the permit, the city hired Professional Engineering Consultants Corporation to prepare the plans. Once the plans were approved by the State of Louisiana, the city entered into a contract with Corona Construction to build the boat launch.
Pursuant to the contract, Corona Construction was to provide all materials and labor necessary for the project. Professional Engineering Consultants issued a certificate of substantial completion on the project on February 23, 1995. A list of items to be completed accompanied that certificate. On March 16, 1995, Professional Engineering Consultants sent an invoice to the city for additional supervision services through March 11, 1995. It appears from the record that the construction was complete at that time.
After the accident, Mayor Gitz hired Frank Crain, a marine contractor, to search for the rebar. Crain testified by deposition that he searched the area and found an eight to ten foot piece of H-beam that had a piece of rebar welded to it. The H-beam was found eight to ten feet away from the pier in about ten to twelve feet of water. The H-beam, which was eight to ten inches square and about twelve feet long, was very rusty and its age could not be determined. Neither the H-beam nor the rebar were attached to the dock.
Crain stated that perhaps a coffer dam was used during the construction of the boat launch and H-Beams are sometimes used in the construction of coffer dams. His testimony was based on [Rhis past experience; he had no knowledge of this particular project. Mayor Gitz testified that he did not know how the H-beam got *687 into the river. No other evidence was presented to the court concerning the source of the H-beam or the manner in which the boat launch was constructed.
The record supports Tyrney’s assertion that he was injured when he struck a submerged object in the Tchefuncte River. However, the testimony also establishes that the object was not part of the boat launch, but rather was lying on the river bottom. Therefore, to recover under a theory of strict liability, the plaintiff must show that the rebar was in the care and custody of the city.
It is undisputed that the city did not own the river. The evidence shows only that the city maintained the boat launch located on the river for some months prior to the accident. The record does not reflect any involvement in the river by the city other than maintenance of the boat launch. Therefore, we find the river was not in the care and custody of the defendant as required by LSA-C.C. art. 2317.
Alternatively, the plaintiff asserts that the city had care and custody of the H-beam and rebar; therefore, it is liable under the case of Socorro v. City of New Orleans, 579 So.2d 931 (La.1991). We disagree. In Socorro, the City of New Orleans, in constructing a semicircular seawall on Lake Pontchartrain covered the sloping lake bottom which surrounds the area with rip rap, an integral structural component which prevents erosion. The rip rap was concealed by the lake waters. The supreme court found that the site and the rip rap formed a part of the breakwater in the custody and control of the City of New Orleans. In the instant case, the H-beam and rebar were clearly not part of the boat launch. There is no evidence in the record that Madisonville owned the rebar and only bare speculation in |fithe record as to the source of the rebar. Therefore, we reject this theory.
For the foregoing reasons, we fail to see how this defendant can be held liable under the theory of strict liability. LSA-C.C. art. 2317 and Loescher v. Parr, 324 So.2d 441 (La.1975) require that the thing causing harm be defective, that the defective thing actually cause the injury and that the thing be in the custody of the defendant. The Tchefuncte River was not owned by or in the care and custody of Madisonville. The evidence does not show that the city owned the H-beam or the rebar. Therefore, the plaintiff has failed to prove all the elements of a cause of action under the theory of strict liability.
Accordingly, the judgment of the trial court is affirmed. Costs are assessed against the appellant, Gene Tyrney.
AFFIRMED.